PER CURIAM.
Appellant, Dominic Aiani, seeks review of an order striking his motion for new trial in a civil action for breach of warranty and negligent misrepresentation. We reverse.
The trial court entered its order on the basis that appellant was a convicted felon on probation, whose right to maintain a civil action in Florida’s courts was suspended pursuant to section 944.292, Florida Statutes (1983), and Watts v. Buck, 454 So.2d 1079 (Fla. 2d DCA 1984). The court acknowledged that it was following precedent and certified a question to this court concerning the constitutional ramifications of prohibiting convicted felons from access to the civil courts.
We acknowledge that the trial court merely fulfilled its duty to follow precedent when it entered its order. Since that time, however, this court has held that section 944.292, Florida Statutes (1983), violates article 1, section 21, of the Florida Constitution, which guarantees access to the courts to all persons. Dinkens v. The Circuit Court of the Tenth Judicial Circuit, 489 So.2d 46 (Fla. 2d DCA 1986); McCuiston v. Wanicka, 483 So.2d 489 (Fla. 2d DCA 1986). We, therefore, reverse the order striking appellant’s motion for new trial, and remand for proceedings consistent herewith.
Reversed and remanded.
RYDER, C.J., and DANAHY and SCHOONOVER, JJ., concur.